J-S20004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAN ALFORD, | : | |
| | : | |
| Appellant | : | No. 1507 MDA 2017 |

Appeal from the Judgment of Sentence entered May 10, 2017,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s):  CP-41-CR-0000934-2016,
CP-41-CR-0001482-2014.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 31, 2018**

Daquan Alford appeals from the judgment of sentence imposed after he was found guilty of delivery of a controlled substance (heroin), possession with intent to deliver, possession of a controlled substance, possession of drug paraphernalia and criminal use of a communication facility.[1]  Alford's counsel filed a petition to withdraw, in which he alleges that this direct appeal is wholly frivolous.  Agreeing with counsel's assessment, we grant his petition to withdraw and affirm Alford's judgment of sentence.

The Commonwealth filed two separate criminal informations against Alford.  Under Information No. 1482-2014, Alford was charged with two counts of delivery of a controlled substance (heroin), two counts of possession with

---

[1] **See** 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32), and 18 Pa.C.S.A. § 7512.

intent to deliver, two counts of possession of a controlled substance, and two counts of criminal use of a communication facility. Under Information No. 934-2016, Alford was charged with one count of delivery of a controlled substance (heroin), two counts of possession with intent to deliver, one count of possession of a controlled substance, one count of possession of drug paraphernalia and one count of criminal use of a communication facility.

After a jury trial on Information No. 1482-2014, Alford was found guilty on all counts. Following a non-jury trial on Information No. 934-2016, Alford was found guilty on all counts.

On May 10, 2017, the trial court imposed an aggregate sentence for both informations of six (6) to twenty (20) years imprisonment.

Alford filed a post-sentence motion seeking a reduction in the period of imprisonment due to mitigating factors. By order dated August 28, 2017, the trial court granted Alford's motion in part and reduced his sentence to a total aggregate under both Informations to four (4) to twelve (12) years imprisonment.

Alford's trial counsel filed a notice of appeal as to the May 10, 2017 order, with no reference the August 28, 2017 order. Trial counsel resigned from the Lycoming County Public Defender's Office on December 29, 2017. New counsel entered his appearance with this Court and filed a petition to withdraw as counsel. Alford has filed no response.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to

withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained what is required to be contained within an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"While the Supreme Court in ***Santiago***, set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent. ***Daniels***, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).

Our review reveals that Alford's counsel substantially complied with the requirements of *Anders* and *Santiago*. "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted). Stated differently, this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel. *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Counsel identified the following issues on appeal:

1. Was the evidence presented at trial insufficient to support [Alford's] convictions for possession and delivery of heroin and criminal use of a communication facility on June 20, 2013 and June 29, 2013 where the Commonwealth presented no physical evidence?

2. Was the evidence presented at trial insufficient to prove possession with intent to deliver where [Alford] possessed 70 bags of heroin?

3. Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?

*Anders*' Brief at 4 (excess capitalization omitted).

Alford first asserts under Information No. 1482-2014 that the Commonwealth presented no physical evidence at trial other than the heroin,

and therefore there was insufficient evidence to support his convictions for possession and delivery of heroin and criminal use of a communication facility. Alford argues that the Commonwealth failed to prove that he was the person who possessed, actually or constructively, and delivered the heroin because it was never found on his person or near him. Additionally, no cell phone was recovered or phone records produced for the dates in question. *Anders*' Brief at 12. We agree with counsel that the evidence presented at trial was sufficient to convict Alford of these crimes.

In reviewing a sufficiency claim, we must consider "'whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt.'" *Commonwealth v. Cash*, 137 A.3d 1262, 1269 (2016) (*quoting Commonwealth v. Smith*, 985 A.2d 886, 894-95)). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

To sustain a conviction for the delivery of a controlled substance, there must be evidence that the defendant knowingly made an actual, constructive or attempted transfer of a controlled substance to another person. *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (2004).

To sustain a conviction for possession with the intent to deliver a controlled substance, the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. *Commonwealth v. Roberts*, 133 A.3d 759 (Pa. Super. 2016) *app. denied*, 145 A.23d 725 (Pa. 2017).

To sustain a conviction for possession of a controlled substance, the Commonwealth must prove that "the defendant had knowing or intentional possession of a controlled substance and, if the substance is not found on the defendant's person, then the Commonwealth must satisfy that burden by proof of 'constructive possession.'" *Commonwealth v. Valette*, 613 A.2d 548 (1992). "Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the [substance], and the intent to exercise such control." *Commonwealth v. Bricker*, 882 A2d 1008, 1014 (Pa. Super. 2005).

To sustain a conviction of criminal use of a communication facility, the Commonwealth must prove that the defendant used a communication facility, such as a telephone, to commit, cause or facilitate the commission of a felony under the Drug Act. 18 Pa.C.S.A. § 7512(a).

Circumstantial evidence alone, contrary to Alford's argument, can be sufficient to prove the elements of any crime. *See Commonwealth v. Sanchez*, 82 A.3d 943 (Pa. 2013).

At trial, the confidential informant testified that he made heroin buys from Alford on both June 20 and June 29, 2013. In the first transaction, the

confidential informant gave Alford $300, and in exchange, Alford gave him 30 bags, 3 bundles, of heroin. In the second transaction, the confidential informant purchased two bundles of heroin for $200 from Alford. Both of these transactions were controlled purchases through the Pennsylvania State Police, and were observed by the trooper in charge of the investigation.

The evidence further showed that Alford and the confidential informant discussed and arranged for two separate drug transactions over the phone. Additionally, the confidential informant saw Alford talking on his phone while he was talking with him. Trial Court Opinion, 12/7/17 at 6-8.

Alford next asserts under Information No. 934-2016 that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Alford had 70 bags of heroin in his possession with intent to deliver rather than for personal use. **Anders**' Brief at 14. Again, we agree with counsel that the evidence presented at trial was sufficient to convict Alford of the crime at issue.

First, the evidence presented at trial revealed that the heroin found on Alford was packaged individually in .03 gram packs and divided into 10 separate pack bundles, for a total of 70 packs of heroin. Additionally, Alford had no paraphernalia on him to ingest the heroin; he did not show signs of being under the influence or in withdrawal while he was with the police. Further, Alford had delivered 10 packs to the confidential informant right before being found in possession of the 70 packs. Police officers conducting surveillance saw the transaction take place between Alford and their

confidential informant. These factors, including the amount of heroin found on Alford, are dispositive of intent to deliver. ***Commonwealth v. Santiago***, 340 A.2d 440 (Pa. 1975); ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007). Finally, as the trial court stated, 'there was absolutely no evidence whatsoever introduced at trial that [Alford's] possession of the 70 bags of heroin was 'for personal use'. Moreover, the evidence was not just sufficient; it was overwhelming." Trial Court Opinion, 12/7/17 at 8.

In conclusion, having reviewed the evidence and all reasonable inferences derived therefrom in favor of the Commonwealth as the verdict winner, we conclude that it supports the trier of fact's finding of all the elements of the offense beyond a reasonable doubt. We, therefore, agree with counsel's assessment that the issues raised by Alford are meritless. Furthermore, our independent review of the record reveals no other non-frivolous bases for appeal. ***Flowers***, ***supra***. Thus, this appeal is "wholly frivolous."

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Ott joins in this Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/31/18